IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS HUDSON,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| v. | : | |
| | : | |
| | : | **No. 12-4362** |
| | : | |
| **SUPERINTENDENT SAUERS, et al.,** | : | |
| **Respondents.** | : | |

# O R D E R

**AND NOW**, this 19th day of December, 2013, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 (Doc. No. 1) and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Doc. No. 17),[1] it is hereby **ORDERED** that:

---

[1] The Petitioner filed an objection to the Report and Recommendation, which I will address briefly. The Petitioner contends that his claims are not procedurally defaulted because the Supreme Court's decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012), allows him to show cause under Strickland. He argues that his PCRA counsel was ineffective by not raising the current claims in his habeas petition, which he would not know to raise as an untrained person in the law. While the Petitioner is correct that Martinez may offer relief for ineffective PCRA counsel, his habeas petition does not claim ineffectiveness of his PCRA counsel, only ineffectiveness of his trial counsel. See Doc. No. 1 at 9. The Petitioner cannot simply change his habeas claims in order to provide him an avenue for relief.

The Petitioner indicates in his petition that the reason his claims were not raised previously was because PCRA counsel requested that the grounds in his *pro se* PCRA petition be incorporated into his counseled petition instead of amending the PCRA petition. See id. at 10. Even construing this part of the application as being a claim of ineffective assistance of his PCRA counsel, his claims would fail because he did not show how this request to incorporate rather than amend prejudiced him. Under Martinez, the ineffective assistance of PCRA counsel may establish cause under Strickland but a showing a prejudice is also required. I see no reason why an amended PCRA petition would change the petitioner's PCRA outcome.

The claims that the Petitioner raised in his *pro se* petition—which he believes were not fairly represented by his PCRA counsel—did not include the issue of the Kloiber instruction, the failure to call his brother as a witness (habeas claim #1), or the failure to suppress the testimony of Abdul Muhammad (claim #2). See Doc. No. 1 at 6. Therefore, this argument that his PCRA counsel was ineffective for not amending the petition would not explain why these habeas claims would not have been presented to the PCRA court.

The claim that trial counsel was ineffective for not objecting to or moving to suppress the testimony of Joeli Maldonado appears to have been one of the *pro se* claims the Petitioner had offered. However, the argument that

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus is **DENIED**; and

4. There is no basis for the issuance of a certificate of appealability.

The Clerk of Court is directed to mark this case **CLOSED** for statistical purposes.

BY THE COURT:

/s/Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

amendment rather than incorporation would have provided relief is baseless. Trial counsel *did* move to suppress this testimony before trial and then asked for a Kloiber instruction after the testimony was presented. See Trial Court's Pa.R.C.P. 1925(a) Statement, Jun. 29, 2007, Doc. No. 14, Att. 1 at 19 ("The Defendant filed Omnibus Pre-trial Motions that included Motion To Suppress Identification Of Evidence And Fruits Thereof, specifically seeking to suppress the identification by Joeli Maldonado of the Defendant as the shooter in the subject shooting."); Respondents Response in Opposition to Petitioner's Habeas Petition, Doc. No. 7 at 16-17. Therefore, this claim would not have offered the Petitioner any relief even if it had been included in a PCRA petition by amendment, rather than incorporation.